Lin v. Lynch

BIA
Hom, IJ
A201 137 109

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May,two thousand sixteen.

PRESENT:
>        GUIDO CALABRESI,
>        ROBERT D. SACK,
>        GERARD E. LYNCH,
>            *Circuit Judges.*

_____

JIAN LIANG LIN,
>        *Petitioner,*

>    v.                                    14-4302
>                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:         Richard Tarzia, Belle Mead, New
                        Jersey.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Douglas
                        E. Ginsburg, Assistant Director;
                        Andrew B. Insenga, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Liang Lin, a native and citizen of People's Republic of China, seeks review of an October 21, 2014, decision of the BIA affirming the June 11, 2013, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Liang Lin,* No. A201 137 109 (B.I.A. Oct. 21, 2014), *aff'g* No. A201 137 109 (Immig. Ct. N.Y. City June 11, 2013). Lin claims that he was detained by Chinese police and beaten once while in custody because of his affiliation with an unregistered church, and he seeks asylum (as well as withholding and CAT relief) on the ground that this treatment constitutes past persecution or gives rise to a well-founded fear of persecution. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the ground for relief that the BIA declined to reach (the IJ's adverse credibility determination). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

This Circuit has not held whether a mild beating, which does not require hospitalization or medical attention, inflicted on a person while detained suffices to constitute persecution *per se*. We have held that detention without physical mistreatment does not constitute persecution *per se*, though it may constitute persecution under the circumstances, *see Ali Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007), and we have likewise held that a mild beating later followed by arrest and detention may be persecution but is not *per se* persecution, *see Jian Qui Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011). At the same time, we have instructed "the BIA and individual IJs . . . to be sensitive to the fact that even mistreatment that, in other contexts, could be fairly characterized as 'the mere annoyance

3

and distress' of harassment can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006)). "In other words, . . . [we have counseled the BIA and IJs to be] keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.*

But whether a "minor beating" while in detention a) is persecution *per se*, or b) at least gives rise to a presumption of persecution, such that a holding by the BIA that the petitioner has not suffered persecution will not be upheld without a meaningful explanation, as implied by *Beskovic*, or whether c) it is simply up to the BIA to decide if the particular facts of the beating and detention amount to persecution, as suggested by dicta in *Liu*, 632 F.3d at 822, is an open question in our Circuit. That being the case, if we were, as Lin requests, to consider Lin's application for asylum, we could not decide this case by summary order and would instead send

4

it to the Regular Argument Calendar for full argument and disposition.

Despite Lin's protestations, however, this is not an asylum case before us. The IJ found that Lin had failed to establish his date of entry and had therefore failed to demonstrate that he had applied for asylum within one year of entering the United States. As a result, the IJ found Lin statutorily ineligible for asylum, and the BIA upheld that determination. That holding is not reviewable by us where, as here, Lin has raised no constitutional claim or question of law, but merely disputes "the correctness of [the] IJ's fact-finding or the wisdom of his exercise of discretion." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Accordingly, we turn to Lin's claims for withholding of removal and CAT relief. Both claims require a higher showing of harm to permit relief than asylum's required showing of "persecution." Withholding prevents removal only "where the alien's life or freedom would be threatened," "a narrower category than persecution." *Huo Quang Chen v. Holder*, 773 F.3d 396, 404 (2d Cir. 2014)(internal quotation mark omitted); *see also Beskovic*, 467 F.3d at 225 (noting that "the term [persecution] includes 'more than threats to life or freedom'

5

because 'non-life[-]threatening violence and physical abuse also fall within this category'") (quoting *Tian-Yong Chen v. INS*, 359 F.3d 121 (2d Cir. 2004)).[1] And the CAT prevents removal only where "it is more likely than not that [the alien] would be in danger of being subjected to torture." *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004)(internal quotation marks omitted). It is clear that what Lin avers happened to him does not meet either of these higher standards. The IJ therefore did not err in denying Lin withholding of removal or CAT relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] "Moreover, showing that life or freedom *would* be threatened is a higher burden than establishing a well founded fear of such harm; specifically it requires evidence that life or freedom threatening harm 'is more likely than not.'" *Huo Quang Chen*, 773 F.3d at 404, quoting *Vanegas-Ramirez v. Holder*, 768 F.3d 226, 237 (2d Cir.2014).